

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:14-CR-373 |
| | ) | |
| v. | ) | Count 1: 52 U.S.C. §§ 30116(a)(1)(A), |
| | ) | 30116(f), & 30109(d)(1)(A)(i), |
| TYLER EUGENE HARBER, | ) | and 18 U.S.C. § 2 |
| | ) | (Coordinated Federal Election |
| Defendant. | ) | Contributions) |
| | ) | |
| | ) | Count 2: 18 U.S.C. § 1001(a)(2) |
| | ) | (False Statements) |

## CRIMINAL INFORMATION

THE UNITED STATES CHARGES THAT:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.      Defendant TYLER EUGENE HARBER was a resident of Alexandria, Virginia.

2.      The Federal Election Campaign Act of 1971, as amended, Title 52, United States

Code, Sections 30101, et seq., ("Election Act") (formerly Title 2, United States Code, Sections

431, et seq.) limited corruption and the appearance of corruption in the election of candidates for

federal office, including the office of Member of the United States House of Representatives, and

provided for public disclosure of the financing of federal election campaigns as follows:

      a.    The Election Act limited the amount and sources of money that may be

          contributed to a federal candidate or a federal candidate's authorized

          campaign committee.

      b.    Under the Election Act, expenditures by a person or organization in

          cooperation, consultation, or concert, with, or at the request or suggestion of,

the agents of a federal candidate or that candidate's authorized committee, are a contribution to such candidate ("coordinated expenditure contributions").

c.  Under the Election Act, an "independent expenditure only committee" may raise unlimited amounts of money from individuals and from various sources that are prohibited from contributing to a federal candidate's authorized committee, and may independently spend unlimited amounts of money to influence federal elections.   However, independent expenditure only committees must remain independent, and they may not make any contributions to a federal candidate or a federal candidate's authorized committee, either directly or by coordinated expenditure contributions.

d.  The Election Act limited campaign contributions to $2,500 from any one individual to any one candidate in the general elections held for the office of Member of the United States House of Representatives in each Congressional District of the Commonwealth of Virginia.

3.      The Federal Election Commission ("FEC") was an agency and department of the United States with jurisdiction to enforce the limits and prohibitions of the Election Act, and to receive and publicly report accurate information about the source and amount of certain contributions and expenditures to influence federal elections.

4.      The Federal Bureau of Investigation (FBI) was an agency and department of the United States with jurisdiction to investigate criminal violations of the Election Act.

5.      Until in or about November 2012, Candidate 1 was a candidate in the general election for the office of Member of the United States House of Representatives for the Eleventh

Congressional District of the Commonwealth of Virginia, in the Eastern District of Virginia, running as a challenger to Candidate 2, who was the incumbent.

     6.      Political Committee A was Candidate 1's authorized campaign committee.

     7.      From in or about September 2012 to in or about November 2012, defendant TYLER EUGENE HARBER was the Campaign Manager and agent of both Candidate 1 and Political Committee A.

     8.      Political Committee B was an independent expenditure only committee registered with the FEC as located at addresses in the Eastern District of Virginia, and, under the Election Act, Political Committee B could not make contributions to federal candidates or their authorized committees, directly or by coordinated expenditure contributions.

     9.      From in or about September 2012 to in or about November 2012, defendant TYLER EUGENE HARBER participated in controlling the expenditures of Political Committee B.

## COUNT ONE
(Coordinated Federal Election Contributions)

10.    Paragraphs 1 through 9 of this Information are re-alleged as if fully set forth herein.

11.    From in or about September 2012 to in or about November 2012, in the Eastern District of Virginia and elsewhere, the defendant, TYLER EUGENE HARBER, willfully made and caused contributions to Political Committee A in excess of the limits of the Election Act, which aggregated $25,000 and more in calendar year 2012, and did so by making and causing coordinated expenditure contributions by Political Committee B to Political Committee A in the form of expenditures by Political Committee B for specific advertising attacking Candidate 2 and related costs.

(All in violation of Title 52, United States Code, Sections 30116(a)(1)(A), 30116(f), & 30109(d)(1)(A)(i) (formerly Title 2 United States Code, Sections 441a(a)(1)(A), 441a(f), & 437g(d)(1)(A)(i)), and Title 18, United States Code, Section 2.)

4

## COUNT TWO
### (False Statements)

12. Paragraphs 1 through 9 of this Information are re-alleged as if fully set forth herein.

13. On or about September 17, 2013, in the Eastern District of Virginia, in a matter within the jurisdiction of a department and agency of the United States Government, defendant TYLER EUGENE HARBER, knowingly and willfully made false, fictitious, and fraudulent statements and representations, to wit defendant TYLER EUGENE HARBER stated and represented to Special Agents of the Federal Bureau of Investigation:

    a. that he met Candidate 1 only once, when in truth and in fact, he met with Candidate 1 regularly as Candidate 1's Campaign Manager;

    b. that he did not do any active campaigning for Candidate 1, when in truth and in fact, he actively managed all significant aspects of Candidate 1's campaign as the Campaign Manager;

    c. that Political Committee B was not set up by him, when in truth and in fact, he directly participated in the creation and operation of Political Committee B; and

    d. that his only understanding of Political Committee B was what he saw in public sources such as FEC filings, when in truth and in fact, he fully understood and participated in directing both the public and the non-public operations of Political Committee B, including coordinated expenditure contributions by Political Committee B.

(All in violation of Title 18, United States Code, Section 1001(a)(2).)

Respectfully Submitted,

Dana J. Boente                          Raymond N. Hulser
United States Attorney                  Acting Chief, Public Integrity Section
                                        Criminal Division
                                        United States Department of Justice

By: _____     By: _____
    Mark D. Lytle                        Richard C. Pilger
    Assistant United States Attorney     Director, Election Crimes Branch
                                         Public Integrity Section, Criminal Division
                                         United States Department of Justice

6